UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-609-RLM-MGG

W. HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint and motion to proceed in forma pauperis. A prisoner can't bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Chambers has accumulated at least four strikes:

    (1) *Chambers v. Hyatte*, No. 3:21-cv-586-DRL-MGG (N.D. Ind. filed Aug. 9, 2021), dismissed Jan. 31, 2022, pursuant to 28 U.S.C. 1915A because the complaint did not state a claim;

    (2) *Chambers v. Brown*, No. 3:21-cv-647-DRL-MGG (N.D. Ind. filed Aug. 30, 2021), dismissed March 14, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim;

    (3) *Chambers v. Department of Correction,* No. 3:22-cv-172-RLM-MGG (N.D. Ind. filed March 3, 2022), dismissed May 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim; and

    (4) *Chambers v. Holcomb,* No. 3:22-cv-191-RLM-MGG (N.D. Ind. filed Mar. 8, 2022), dismissed May 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Chambers has sued Warden W. Hyatte, Head of Classification Tobin, and Lt. Calvert, complaining that he was moved to a suicide cell with a camera in it. He argues that there is no need for him to be in a cell with a camera, and this violates his privacy because female staff monitor him and see him while using the bathroom and cleaning himself.[1] ECF 1. These allegations don't suggest that Mr. Chambers faces a current imminent danger of serious physical injury. Therefore, 28 U.S.C. § 1915(g) mandates that his motion for leave to proceed in forma pauperis must be denied. Mr. Chambers may proceed with this case only if he pre-pays the full filing fee.

Additionally, Mr. Chambers asks the court to send him copies of the documents he filed in this case because he says his copies have gone missing. In the interest of justice, the court will grant that request.

For these reasons, the court:

---

[1] The court notes that Mr. Chambers made these same allegations in an earlier lawsuit, *Chambers v. Indiana Department of Correction*, No. 3:22-cv-366-JD-MGG (N.D. Ind. filed May 5, 2022), that he voluntarily dismissed under Fed. R. Civ. P. 41(a)(1)(A)(i).

(1) GRANTS the motion for documents (ECF 4) and DIRECTS the clerk to send Jerry Chambers a copy of the complaint and attachments (ECF 1) and the motion for documents and attachments (ECF 4);

(2) DENIES Jerry Chambers leave to proceed in forma pauperis (ECF 2);

(3) GRANTS Jerry Chambers until **September 10, 2022**, to pay the $402.00 filing fee; and

(4) CAUTIONS Jerry Chambers that if he does not pay the filing fee September 10, this case will be dismissed without further notice.

SO ORDERED on August 10, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT